UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  C14-0830 |
| Plaintiff, | UNITED STATES' COMPLAINT FOR VIOLATIONS OF THE FALSE CLAIMS ACT, PAYMENT BY MISTAKE, UNJUST ENRICHMENT, AND BREACH OF CONTRACT |
| v. | |
| SIMON CHO (individually and his marital community) and CHO ENTERPRISE, INC., d/b/a STAR MINI MART, | |
| Defendants. | JURY DEMAND |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and David R. East, Assistant United States Attorney, for its Complaint against Defendants Simon Cho (individually and his marital community) and Cho Enterprise, Inc., d/b/a Star Mini Mart (collectively, "Defendants"), alleges as follows:

**I. PARTIES**

1.1     Plaintiff United States of America brings these claims on behalf of the United States Department of Agriculture ("USDA"), Food and Nutrition Service ("FNS"), which is responsible for administering the Supplemental Nutrition Assistance Program ("SNAP").

1.2     Defendant Simon Cho, who resides in Issaquah, Washington, is the owner and operator of Defendant Cho Enterprise, Inc., d/b/a Star Mini Mart ("Star").  Upon information

UNITED STATES' COMPLAINT - 1

and belief, Mr. Cho was married at all times relevant to the conduct alleged herein and such conduct was done for the benefit of, and resulted in a benefit to, Mr. Cho's marital community.

1.3    Defendant Star is located at 1418 Hewitt Avenue, Everett, Washington 98201. Mr. Cho owned and operated Star at all times relevant to the conduct alleged herein.  Upon information and belief, Star's revenue from the conduct alleged herein also benefitted Mr. Cho and his marital community.

## II. JURISDICTION AND VENUE

2.1.    This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1345.

2.2    Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b), because all – or a substantial part – of the conduct alleged herein occurred in this District.

## III. FACTUAL ALLEGATIONS

**A.    SNAP**

3.1    SNAP provides nutrition assistance to millions of eligible, low-income individuals and families.  SNAP benefits can only be used to purchase eligible food items at authorized retailers – they cannot be withdrawn as cash or used for non-food items, such as alcohol or cigarettes.

3.2    SNAP benefits are typically redeemed through the Electronic Benefit Transfer ("EBT") system, which, in Washington State, is administered by JP Morgan Chase.  The EBT system replaces traditional paper "food stamps" and allows SNAP participants to purchase eligible food items using a debit-like card, which is reloaded with funds on a monthly basis.

3.3    To redeem SNAP benefits, a retailer must first apply for and be accepted into the program.  The SNAP application requires retailers to certify, *inter alia*, that they "agree to comply with all statutory and regulatory requirements associated with participation in the

UNITED STATES' COMPLAINT - 2

Food Stamp Program" and "accept responsibility on behalf of the firm for violations of the Food Stamp Program regulations."

**B.     Star Becomes a SNAP-Authorized Retailer**

3.4     On November 21, 2008, Mr. Cho – on behalf of Star – signed a SNAP application which included the certifications referenced in Paragraph 3.3.  FNS approved his application on December 16, 2008 and Star began accepting SNAP benefits shortly thereafter.

3.5     In order to process EBT transactions, Star uses an electronic point of sale ("POS") device, which transmits detailed information to FNS regarding each EBT transaction, including the date, time and dollar amount charged on each card.  Based on the data transmitted by the POS device, JP Morgan Chase reimburses Star for the amount of each EBT transaction.  JP Morgan Chase is subsequently reimbursed by Washington State, which, in turn, is reimbursed by USDA.

**C.     Mr. Cho and Star Defraud SNAP**

3.6     Prior to September 2011, Star's monthly SNAP redemptions never exceeded $5,000.  However, starting in September 2011, Star's monthly SNAP redemptions ascended rapidly, peaking at $25,225.77 in June 2012:

| | |
|---|---|
| August 2011: | $4,526.27 |
| September 2011: | $5,372.44 |
| October 2011: | $6,213.27 |
| November 2011: | $9,660.75 |
| December 2011: | $9,128.94 |
| January 2012: | $11,028.76 |
| February 2012: | $14,528.08 |
| March 2012: | $18,236.71 |
| April 2012: | $21,530.22 |

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

May 2012:          $23,819.32

June 2012:          $25,225.77

3.7     From June 2012 through April 2013, Star's monthly SNAP redemptions ranged from a high of $23,409.48 in July 2012 to a low of $12,113.94 in February 2013. After Mr. Cho's arrest in April 2013, Star's SNAP redemptions dropped to $5,208.61 in May 2013 and have not since exceeded $5,000 in a given month.

3.8     Through its analysis of concurrent data provided by the Washington State Department of Revenue, USDA Office of Inspector General ("USDA OIG") determined that the ratio of Star's EBT food sales to Star's sales of all EBT-eligible items (*i.e.,* EBT food sales plus non-EBT sales of eligible food items) increased from 34.6% in August 2011 to 96.3% in February 2012, 100.9% in April 2012, and peaked at 101.0% in December 2012. Because it is statistically impossible for Star's EBT sales to exceed 100% of the store's total sales of EBT-eligible items (unless the store is defrauding SNAP), USDA OIG asked the Everett Police Department ("EPD") to assist with a criminal investigation of Star and Mr. Cho.

3.9     Between October 17, 2012 and April 18, 2013, EPD and USDA OIG conducted five undercover EBT transactions at Star.  During each transaction, the customers asked Mr. Cho to give them cash as part of the EBT transaction; each time, Mr. Cho obliged, thus breaching his agreement with FNS that he would comply with SNAP's statutory and regulatory requirements.

3.10    For example, during one transaction, Mr. Cho charged $41.99 on the purchaser's EBT card for a bag of cookies and soda, which, collectively, cost $1.99.  Mr. Cho split the additional $40 with the customer, handing the customer a $20 bill from Star's cash register.

3.11    The other transactions followed a similar pattern.  In total, Mr. Cho processed over $300 in illegal SNAP transactions during the five undercover purchases by EPD and USDA OIG.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**D.   Mr. Cho's Arrest and Conviction for Food Stamp Trafficking**

3.12    On April 18, 2013, EPD arrested Mr. Cho.  The Snohomish County Prosecuting Attorney charged him with Trafficking Food Stamps (*see* RCW 9.91.142(1)), which is a "class C" felony under Washington law.

3.13    On August 20, 2013, Mr. Cho entered a guilty plea in Snohomish County Superior Court to one count of Trafficking Food Stamps.  In the plea agreement, Mr. Cho admitted that he trafficked food stamps during EPD's investigation – *i.e.,* from October 17, 2012 through April 18, 2013 – in violation of RCW 9.91.142(1).

3.14    Pursuant to the terms of the plea agreement, Mr. Cho was sentenced to detention in the Snohomish County Detention Center for a term of 45 days.

## IV. <u>FIRST CAUSE OF ACTION</u>
### VIOLATIONS OF THEFALSE CLAIMS ACT
### (31 U.S.C. § 3729(a)(1)(A) and (a)(1)(B))

4.1    The United States restates and incorporates by reference the allegations set forth in Paragraphs 3.1-3.14, *supra*, as if fully set forth herein.

4.2    This is a claim for treble damages and penalties under the False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq.*

4.3    Through the acts described above, Mr. Cho and Star (for their own benefit and the benefit of Mr. Cho's marital community) knowingly presented, or caused to be presented, false or fraudulent claims for payment to officers, employees or agents of the United States Government, within the meaning of 31 U.S.C. § 3729(a)(1)(A).

4.4    Through the acts described above, Mr. Cho and Star (for their own benefit and the benefit of Mr. Cho's marital community) knowingly made, used, or caused to be made or used, false or fraudulent records and statements, and omitted material facts, to get false and fraudulent claims pair or approved, within the meaning of 31 U.S.C. § 3729(a)(1)(B).

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

4.5     Unaware of the falsity of the records and statements made – or caused to be made – by Mr. Cho and Star, the government paid claims that would not have been paid but for Mr. Cho's and Star's fraudulent conduct.

4.6     As a result of the fraudulent conduct by Mr. Cho and Star alleged herein, the government has sustained substantial damages in an amount to be determined at trial.

4.7     Additionally, pursuant to the FCA, the government is entitled to the maximum penalty of $11,000 for each and every false and fraudulent record and statement made – or caused to be made – by Mr. Cho and Star arising from the unlawful conduct described herein.

## V. <u>SECOND CAUSE OF ACTION</u>
### PAYMENT BY MISTAKE

5.1     The United States restates and incorporates by reference the allegations set forth in Paragraphs 3.1-4.7, *supra*, as if fully set forth herein.

5.2     Mr. Cho and Star (for their own benefit and the benefit of Mr. Cho's marital community) caused the government to make payments to them by falsely certifying that they had complied with all of SNAP's statutory, regulatory and/or program requirements.

5.3     Based on Mr. Cho's and Star's false certifications, the government mistakenly paid Mr. Cho and Star for fraudulent SNAP transactions, resulting in substantial damages in an amount to be determined at trial.

## VI. <u>THIRD CAUSE OF ACTION</u>
### UNJUST ENRICHMENT

6.1     The United States restates and incorporates by reference the allegations set forth in Paragraphs 3.1-5.3, *supra*, as if fully set forth herein.

6.2     Mr. Cho (individually and his marital community) and Star have been unjustly enriched by the receipt of reimbursements from SNAP for false or fraudulent transactions that did not comply with SNAP's statutory, regulatory and/or program requirements.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

6.3     Mr. Cho (individually and his marital community) and Star should be required to reimburse the government for all payments unjustly obtained as a result of the fraudulent conduct alleged herein.

## VII.  FOURTH CAUSE OF ACTION
### BREACH OF CONTRACT

7.1     The United States restates and incorporates by reference the allegations set forth in Paragraphs 3.1-6.3, *supra*, as if fully set forth herein.

7.2     When Mr. Cho – on behalf of Star – applied to be a SNAP-eligible retailer, he entered into a contract with FNS pursuant to which he promised that he would comply with SNAP's statutory, regulatory and/or program requirements.

7.3     Mr. Cho and Star, as alleged herein, breached the contract with FNS (for their own benefit and the benefit of Mr. Cho's marital community) by engaging in fraudulent transactions pursuant to which they provided cash and ineligible goods in exchange for EBT benefits.

7.4     As a result of the breaches by Mr. Cho and Star, the government has sustained substantial damages in an amount to be determined at trial.

//

//

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**PRAYER FOR RELIEF**

WHEREFORE, the United States prays that the Court grant the following relief:

(a)     A Judgment against Mr. Cho (individually and his marital community) and Star in an amount equal to three times the damages that the United States has sustained because of the fraudulent acts alleged herein, plus a civil penalty of $11,000 for each violation of 31 U.S.C. § 3729;

(b)     Alternatively, a Judgment against Mr. Cho (individually and his marital community) and Star for the damages resulting from the government's payment by mistake, the Defendants' unjust enrichment, and/or the Defendants' breach of contract; and

(b)     That the United States be allowed costs, reasonable attorney's fees, and such other and further relief as the Court deems just and equitable.

DATED this 6TH day of June, 2014.

Respectfully submitted

JENNY A. DURKAN
United States Attorney

*s / David R. East*
DAVID R. EAST, WSBA #31481
Assistant United States Attorney
Western District of Washington
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax: 206-553-4073
E-mail: david.east@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970